IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN ROSE**, as personal representative of the Estate of Richard Rose,<br><br>      Plaintiff,<br><br>      v.<br><br>**STATE OF OREGON**, by and through the Oregon Department of Corrections, an agency of the State of Oregon; **DUSTIN HERRON**; **ALEJANDRO PINA**; **HEATHER CHRISTIAN**; **CHRISTINA IRVING**; **STEPHEN TROTT**; **KIERON CARLSON**; **HAILEY COLEMAN**; **CHRISTINA CAMPOS-HERNANDEZ**; and **SHUREE JEMMETT**,<br><br>      Defendants. | Case No. 2:22-cv-00923-IM<br><br>**ORDER DISMISSING THE UNSERVED DEFENDANTS** |

**IMMERGUT, District Judge.**

      On February 23, 2024, Plaintiff filed a First Amended Complaint, ECF 34, naming for the first time as defendants Shuree Jemmett, Heather Christian, Christina Campos-Hernandez, Hailey Coleman, Christina Irving, Alejandro Pina, Kieron Carlson, and Stephen Trott. Until

PAGE 1 – ORDER DISMISSING THE UNSERVED DEFENDANTS

yesterday—103 days after filing the amended complaint—Plaintiff did not attempt to serve these individuals in this case. Instead, he incorrectly operated on the "assumption" that service was unnecessary because other, previously served Defendants filed a Renewed Motion for Summary Judgment shortly after the First Amended Complaint's filing. ECF 57 at 2. The Court did not permit Plaintiff to file an amended complaint for the purpose of adding new defendants—all of whom are individuals Plaintiff has known about since, at the latest, the close of discovery in October 2023. Rather, as the emails from the Parties to this Court make clear, this Court granted Plaintiff leave to file an amended complaint on the understanding that the properly served Defendants in this case would withdraw their first Motion for Summary Judgment, ECF 26, if Plaintiff amended his complaint to alter his theory from one concerning potential anaphylaxis to one concerning a potential "coronary artery blockage." *Id.* at 1, 13. Under the guise of altering his theory, however, Plaintiff added the eight new defendants to this case.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." To survive dismissal, the plaintiff must demonstrate "good cause for the failure." Good cause encompasses six factors: (1) whether the party to be served personally received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; (3) plaintiff would be severely prejudiced if his complaint were dismissed; (4) the length of delay and its potential impact on the proceedings; (5) the reason for the delay; and (6) whether the plaintiff acted in good faith. *See Bradford v. Slayton*, Civ. No. 6:19-cv-02073-AA, 2021 WL 1341855, at *1 (D. Or. Apr. 9, 2021). The Ninth Circuit has instructed that "inadvertent error . . . is not good cause." *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987); *see Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987) ("To

PAGE 2 – ORDER DISMISSING THE UNSERVED DEFENDANTS

hold that complete ignorance of [Rule 4] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.").

Plaintiff here has shown no such good cause. The onus is on Plaintiff to properly serve defendants so that he can prosecute his case. Fact discovery ended in this matter on October 26, 2023—thus, Plaintiff should have filed an amended complaint naming the proper defendants, and served those individuals, months ago. Indeed, the deadline for amended pleadings was June 3, 2023; this Court granted Plaintiff the ability to file a new complaint so late in this case only based on the Parties' representations as described above. ECF 30. The delay Plaintiff requests to serve these individuals is detrimental to this case because the pretrial process begins today: today is when the Parties must file a pretrial order and verdict form. ECF 23. And trial is a month and a half out. It is simply unacceptable for Plaintiff to only now realize that he has not served defendants on the eve of trial. Plaintiff has failed to establish that prejudice would result from dismissal. *See* ECF 57. And Plaintiff lacks any good reason for his failure to serve the defendants; rather, Plaintiff's failure, by his counsel's admission, stems from "assumptions" that lack any basis in the Federal Rules of Civil Procedure. *Id.*

Therefore, Defendants Shuree Jemmett, Heather Christian, Christina Campos-Hernandez, Hailey Coleman, Christina Irving, Alejandro Pina, Kieron Carlson, and Stephen Trott are DISMISSED without prejudice. Because all remaining Parties have consented to magistrate jurisdiction, this matter will now be referred to a magistrate judge for trial.

**IT IS SO ORDERED.**

DATED this 6th day of June, 2024.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge